IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAREEF CHILDS,

                 Plaintiff,

v.                                                       OPINION and ORDER

CHERYL WEBSTER, CRAIG LINDGREN, SR.,          22-cv-256-jdp
and STEVE MOHR,

                 Defendants.

---

Plaintiff Shareef Childs, proceeding without counsel, is a prisoner at Stanley Correctional Institution who is a practicing Muslim. Childs alleges that in 2022 defendant prison officials blocked him from participating in Ramadan meals and the Eid al-Fitr feast and that in 2023 they refused to give him correct prayer schedules for Ramadan. I granted Childs leave to proceed on claims under the Free Exercise Clause of the First Amendment to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act. *See* Dkts. 14 and 38. I granted summary judgment to defendants on all of Childs's claims. Dkt. 86. Childs moves for reconsideration of that decision. Dkt. 88. I will deny that motion.

ANALYSIS

Because Childs filed his motion within 28 days of the judgment, I will construe his motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Relief under this provision is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or

fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

## A. Procedural rulings

Childs seeks reconsideration of three procedural matters; I will deny all of those requests.

First, he contends that I should deem his proposed findings of fact as undisputed because defendants didn't respond to them. But as I stated in my opinion, the state didn't respond to them because of a docketing error in which an incorrect document was docketed as Childs's proposed findings. Dkt. 86, at 2. The Wisconsin Department of Justice has agreed to waive service of hard copies of prisoners' submissions and instead relies on the electronically docketed copies of submissions, so counsel did not have an opportunity to respond to Childs's actual proposed findings. Once the problem was discovered, I decided to proceed to rule on defendants' summary judgment motion rather than seek defendants' response to those proposed findings of fact, because it was already clear from the parties' submissions what facts they disputed. *Id.* Childs does not show any unfair prejudice because of this decision.

Second, he contends that I should not have granted defendants' request to amend one of their proposed findings of fact that cited an incorrect version of a policy at issue to include the correct version. *See id.* at 2–3. Childs doesn't show prejudice from this either: I reasonably allowed defendants to fix a simple mistake, and in any event, the relevant portions of the two versions of the polices were identical.

Third, Childs contends that I erred in denying his motion to reset the schedule to allow him more time to file his own motion for summary judgment after resolving discovery disputes; I noted that Childs had not filed a valid motion to compel discovery in time to resolve it before

2

summary judgment, and that in any event it was unnecessary for him to file his own motion for summary judgment because I would consider entering judgment in his favor if it were appropriate to do so. *Id.* at 2. Childs says that he did file a motion to compel discovery—initially unsigned, but later a signed copy—that the court did not rule on. That is incorrect. Childs did file an unsigned motion to compel that he later signed, but the court denied it for his failure to first confer with defendants. Dkt. 41. And in any event he doesn't provide any argument or new evidence explaining how the outcome in this case would have been different had I given him more time to file his own motion for summary judgment or granted his motion to compel discovery.

## B.  2022 Ramadan meal bags

Childs also moves for reconsideration on the substance of most of his claims. For instance, Childs seeks reconsideration of my dismissal of both his RLUIPA claims and his First Amendment free exercise claims about him being denied several Ramadan meal bags in 2022. But he doesn't challenge my determination that injunctive relief under RLUIPA was unnecessary because there was no indication that the problems with the 2022 meal bags were being repeated or would be repeated in future years. Dkt. 86, at 12–13.

As for his First Amendment claims, Childs argues that SCI did not require prisoners to use DOC-2935 forms to sign up for Ramadan meals bags 60 days beforehand and that he requested participation in another approved way. His supporting evidence for this is very thin, including a 2023 email stating that SCI "now ha[s] a form to help track participation" and defendants' submission of a version of the DOC-2935 form with a revision date after the events in question. Dkt. 52-2. Childs thinks that the word "now" in the email and the later revision date of the DOC-2935 form means that SCI didn't use DOC-2935 forms for 2022 Ramadan

meal bag signups. But this scant and ambiguous evidence is contradicted by the DOC policy in place at the time and other contemporaneous correspondence showing that DOC-2935 forms were required. No reasonable jury could conclude that SCI adopted the use of DOC-2935 forms after 2022 Ramadan meal bag signups.

But even if there were a genuine dispute of fact over that issue, defendants Chaplain Craig Lindgren and corrections program supervisor Cheryl Webster added Childs to the Ramadan meal bag list right before Ramadan started and then added him again after Childs received his first meal but was denied four meals over the first weekend of Ramadan. I concluded that given the full context of events, no reasonable jury could conclude that defendants intentionally kept him off the Ramadan list. Dkt. 86, at 14–15 (citing *Garner v. Muenchow*, 715 F. App'x 533, 536 (7th Cir. 2017) (Prison official's interference with religious practice must be "intentional[] and substantial[]"); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("negligence, even gross negligence, does not violate the Constitution"). Childs states that he didn't know that intentionality was required to prove his claims, but that isn't a reason to reconsider my ruling. I'll deny Childs's Rule 59 motion on his claims about the Ramadan meal bags.

C.  2022 Eid al-Fitr celebratory meal

I denied Childs's First Amendment claim about defendant Lindgren leaving him off the 2022 Eid al-Fitr feast list, stating that although there were significant disputes about the relevant events, no reasonable jury could conclude that Lindgren intentionally left him off the list given that Lindgren had recently placed him on the Ramadan list and ultimately invited Childs to come to the feast an hour late after an inmate showed him Childs's signup form. Dkt. 86, at 15–16. Childs asks me to rethink that ruling, without developing an argument for

4

why it was wrong other than his belief that a jury could find in his favor on that claim. Childs doesn't persuade me that I erred in making that ruling, so I will deny that part of his Rule 59 motion.

**D. 2023 Ramadan prayer schedules**

Childs challenges my rulings on his claims about Chaplains Lindgren and Steve Mohr initially giving him courtesy copies of the incorrect prayer schedule for Ramadan in 2023 and then refusing to give him new courtesy copies of the correct schedule, all of which Childs says made him unable to pray at the correct times. It's unclear whether Childs seeks reconsideration on both his RLUIPA and First Amendment claims, but he does not challenge my determination that this wasn't an ongoing problem necessitating injunctive relief, so I will not reconsider my decision dismissing his RLUIPA claim.

As for Childs's First Amendment claim, he contends that I erred in ruling that Lindgren's initial provision of the incorrect schedule couldn't be seen as anything other than a mistake. But his only argument in support of this contention is that Lindgren gave inmates schedules from sources other than the website recommended on a DOC document regarding religious meals. Dkt. 74-31. But I already considered that evidence at summary judgment and it doesn't raise a reasonable inference that Lindgren intended to harm inmate's religious practice.

Otherwise, Childs argues that I shouldn't have granted qualified immunity to Lindgren and Mohr on Childs's claim about them later refusing to give inmates courtesy copies of the correct schedule; he argues that it was clearly established law that prison staff can't deny inmates religious property. But the Supreme Court has repeatedly warned courts "not to define clearly established law at too high a level of generality" for a qualified immunity analysis. *City*

5

*of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 12 (2021). I explained that there was no clearly established law concerning whether prison officials violate the Free Exercise Clause by choosing not to provide religious materials to prisoners as a courtesy, or about provision of prayer schedules, so defendants were entitled to qualified immunity. Dkt. 86, at 19–20. Nothing in Childs's Rule 59 motion persuades me that this was incorrect.

ORDER

IT IS ORDERED that plaintiff Shareef Childs's motion to alter or amend the judgment, Dkt. 88, is DENIED.

Entered March 20, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge